The County of Macon *vs.* Chapman.

---

THE COUNTY OF MACON *vs.* CHAPMAN.

| 74 | 107 |
| 95 | 290 |
| 74 | 107 |
| 108 | 273 |

[Jackson, C. J., did not preside, because of providential cause.] .

1. Although a county may have failed to take from the contractor building a bridge a bond to keep it in repair, as required by law, yet if a person, whose mule was injured on such bridge, by the exercise of ordinary care and diligence, could have avoided the injury, he could not recover. The charge did not contain any instruction on this subject or allusion to this principle.

2. Although a request to charge may not have been made in writing, yet, if the attention of the court is called to a substantial point in a case on trial, he should charge concerning it; and if he entirely fails to do so, and the charge does not cover the various phases of the case, a new trial will result.

3. On a new trial, the newly discovered evidence can oe fully investigated. It appears to be merely cumulative.

October 2, 1884.

County Matters. Damages. Negligence Charge of Court. Before Judge FORT. Macon Superior Court. December Term, 1883

To the report contained in the decision, it is only necessary to add, in connection with the third division thereof, that one ground of the motion for new trial was newly discovered evidence to show that plaintiff went before the grand jury for the purpose of getting them to recommend that the commissioners pay his claim for damages to his mule; and that he then stated that the mule was still alive, this being a later date than he fixed for its death in his testimony.

W. H. FISH; HAWKINS & HAWKINS, for plaintiff in error.

T. P. LLOYD; GUERRY & SON, for defendant.

HALL, Justice.

This was a suit against the county of Macon to recover damages for killing plaintiff's mule by reason of defects in a public bridge which the county should have kept in repair and in a safe condition to be traveled over. On the trial, and, as we infer from the record, at the proper stage, of the trial, defendant's counsel requested the court orally to charge the jury, " If the plaintiff, by the exercise of ordinary care and diligence, could have avoided the injury to the mule, then he could not recover." This charge was declined, because the request to make it was not in writing, as the judge states in certifying the grounds of the motion for a new trial. It appears from the entire charge, which is sent up, that the jury were instructed that if they should find that the county failed to take from the contractor to build the bridge a bond to keep it in repair, as required by the statute, then the plaintiff, without more, was entitled to recover.

1. There is not, throughout the entire charge, any instruction or any allusion to the principle embraced in the request. That it is good law we have no doubt. Code, §2972 and citations; 17 *Ga.*, 136, 137; 58 *Id.*, 238.

2. We are equally clear that, when the court's attention was called to the principle, it should have been given in charge, whether the request was made orally or in writing. *Richardson vs. The State*, 70 *Ga.*, 825; 69 *Id.*, 246; 20 *Id.*, 523. The exception here is not alone to the refusal to charge as requested; it is also to the charge as given. The complaint is that it is not sufficiently full; that it does not cover the various phases of the case as made by the proof, and we think the complaint in that particular well founded.

3. This will necessitate a new trial, and upon another hearing, the newly discovered evidence, in relation to the demand made on the county commissioners for payment for the injury, can be fully investigated. We think the testimony alleged to be newly discovered is merely cumulative, and that the court did not err in refusing the new trial on that ground.

Judgment reversed.