MILLER, trustee, *v.* SMYTHE.

95   288
111   150

95   2b8
118   251
118   252

95   288
e127   475
127   479

1. The action being by a tenant against a landlord for the recovery of damages occasioned to goods by the falling of shelves in a store, which it was alleged the defendant had negligently failed and refused to repair, it was error to charge, in effect, that if the danger

of the shelves falling was not imminent, the tenant was not called upon to avoid it; and that if both parties knew of the condition of the shelves and the tenant notified the landlord to repair, until he did so or attempted to do so, the tenant, unless the danger was imminent, could leave the goods thereon, and in the event of damage thereto, could recover. This charge amounted to instructing the jury that leaving the goods on the shelves, under the circumstances indicated, would not be such negligence on the part of the plaintiff as would defeat a recovery; and thus deciding a question which was peculiarly one for the jury themselves.

2. Where injury was occasioned to the property of a tenant by the negligent failure of the landlord to make needed repairs to the premises, the plaintiff, though guilty of some degree of negligence contributing to the injury, may nevertheless recover, provided his negligence did not amount to a want of ordinary care the exercise of which would have prevented the injury; but in such case the negligence of the plaintiff should be considered by the jury in reducing the damages.

3. In the trial of an action for injury to property alleged to have been occasioned as above stated, it was, according to the ruling in *A., P. & L. Railroad Co.* v. *Luckie,* 87 *Ga.* 6, error to charge, without qualification, the following: "If the plaintiff's negligence contributed to the damages, the jury should reduce the amount to the extent of [the plaintiff's] contribution to it."

4. The requests to charge, so far as legal and pertinent, were covered by the general charge of the court, which charge, except as indicated in the preceding notes, substantially presented the law of the case.

January 14, 1895.

Action for damages. Before Judge EVE. City court of Richmond county. August term, 1894.

JOSEPH R. LAMAR, for plaintiff in error.

WILLIAM K. MILLER and C. HENRY COHEN, *contra.*

SIMMONS, Chief Justice.

This was an action by a tenant against a landlord for the recovery of damages occasioned to goods by the falling of shelves in a store, which it was alleged the defendant had negligently failed and refused to repair. The case was formerly before this court on exceptions to the overruling of a demurrer to the declaration. (See the report, 92 *Ga.* 155.) The trial of the case resulted

in a vedict for the plaintiff; a new trial was refused, and the defendant excepted.

1. There was evidence that for some months previous to the falling of the shelves, the top of the shelving projected from the wall, that the plaintiff "thought it might be unsafe" and repeatedly· sent for the defendant to repair the defect, and that the defendant promised to attend to it, but neglected to do so. It was insisted on the part of the defendant, that if he was negligent in not repairing the shelves, the plaintiff, in allowing the goods to remain on them, under these circumstances, was guilty of such negligence as should preclude a recovery. On this subject the court gave in charge to the jury the following instructions, to which the defendant excepted: "If the danger was not imminent, the tenant was not called on to avoid it." "If the tenant and the landlord both knew of the condition of the shelves, and the tenant notified the landlord to repair, until he did so or attempted to do so, the tenant, unless the danger was imminent, could leave the property thereon, and in the event of damage thereto, recover therefor."

We think this was error. This was equivalent to saying to the jury that leaving the goods on the shelves, under the circumstances indicated, would not be such negligence on the part of the plaintiff as would defeat a recovery; thus deciding a question which was peculiarly one for the jury themselves. The code (§2972) declares, that "if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover," and the principle embodied in this section is applicable as well to injuries to property as to injuries to the person. (*County of Macon* v. *Chapman*, 74 *Ga.* 107, 109; *Branan* v. *May*, 17 *Ga.* 136; and see *Ga. R. R. & Banking Co.* v. *Neely*, 56 *Ga.* 544(5).) Ordinary care is that care which every prudent man takes of his property

(Code, §2061); and it was for the jury to say whether the conduct of the plaintiff came up to that standard or not. They had a right to say, if they saw proper, that it was not ordinary care for the plaintiff, knowing that the shelves were in danger of falling if allowed to remain as they were, to wait until the danger had reached the point of being "imminent,"—in other words, until the shelves were about to fall, before removing the goods; and that she was therefore not entitled to recover. This right the court took from the jury by the instructions above quoted.

2. Section 2972 of the code, above referred to, provides that in other cases than those in which the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, "the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." If, therefore, the injury in question was occasioned by the negligence of the landlord in failing to repair the shelves, the plaintiff, even though in some degree negligent, could nevertheless recover, provided her negligence did not amount to a want of ordinary care the exercise of which would have prevented the injury. Negligence on her part short of a want of such care should be considered by the jury in reducing the damages. (See 3 Sutherland on Damages (2d ed.), §873, marg. p. 169.) It follows that the court did not err in refusing to charge, that if the plaintiff knew the shelves were unsafe and negligently allowed the crockery to remain on them, she could not recover.

3. According to the ruling of this court in *Americus, Preston & Lumpkin R. Co.* v. *Luckie*, 87 *Ga.* 6, it was error to charge, without qualification, that "if the plaintiff's negligence contributed to the damages, the jury should reduce the amount to the extent of [the plaintiff's] contribution to it." If the plaintiff's negligence

contributed to the injury, and was such negligence as amounted to a want of ordinary care, it would not be a case for merely reducing the amount of the recovery, but, as we have already shown, there could not be any recovery at all. In the absence of qualification to this effect, the jury may have understood that if both parties were negligent, the plaintiff's negligence would merely operate to reduce the amount of the recovery. Under the decision above referred to, such a qualification was not rendered unnecessary by the fact that the judge had already instructed the jury that a want of ordinary care on the part of the plaintiff would defeat a recovery.

4. The requests to charge set out in the motion for a new trial were, so far as legal and pertinent, covered by the charge of the court as given, which, except as we have here indicated, was substantially correct.

*Judgment reversed.*