## AIKIN *v.* PERRY.

1. A person upon whom a wrong has been committed is under a duty to use ordinary care and diligence to lighten the consequential damages.    Civil Code, § 3802 ; *Georgia Railroad Co.* v. *Eskew*, 86 *Ga.* 641 (5–6) ; *Nicholas* v. *Tanner*, 117 *Ga.* 223.

2. In this State a landlord is bound to keep the rented premises in repair, in the absence of an agreement to the contrary ; but the tenant can not recover for any damage resulting from a failure to repair, which he could by the exercise of ordinary care have avoided.

3. In the absence of an agreement so to do, the landlord is not bound to repair patent defects in a building, of the existence of which the tenant knew at the time the rent contract was entered into.    *Driver* v. *Maxwell*, 56 *Ga.* 11 (2) ; *White* v. *Montgomery*, 58 *Ga.* 204 (1).

4. In the trial of an action against a landlord for damages alleged to have resulted from his failure to repair, when the landlord admits that he had notice of the defects, it is not prejudicial to the tenant to reject evidence tending to show that the landlord had such notice.

5. The law making it the duty of a landlord to keep rented premises in repair, evidence that he did or did not enter into a contract with a third person to make repairs can throw no light on the question of liability.

6. In the trial of an action for damages for a failure to repair, against a landlord, by a tenant who had been in possession of the premises under a former landlord, the burden is upon the tenant to show that he sustained damage after the contract with the second landlord was entered into, and the amount of such damage.

7. The evidence authorized the verdict, and there was no abuse of discretion in refusing a new trial.

Argued November 20,—Decided December 14, 1903.

Action for damages.    Before Judge Harris.    Carroll superior court.    June 1, 1903.

*S. E. Grow* and *R. D. Jackson,* for plaintiff in error.
*Brown & Roop,* contra.

COBB, J.    A landlord sued out a distress warrant against a tenant.    The tenant sought to set off a sum claimed to be due him as damages on account of the landlord's failure to repair the rented premises.    There was evidence warranting a finding that the tenant knew of the defective condition of the premises at the time they were rented, and said nothing about the defects ; and there was also evidence authorizing a finding that he did not exercise ordinary care to save himself from damage on account of the defects.    All of the assignments of error which were insisted on are covered by the headnotes.    The court did not err in refusing a new trial.        *Judgment affirmed.    All the Justices concur.*