## BALL et al. v. WALSH.

FISH, C. J. 1. If the plaintiff, by ordinary care, could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. Civil Code, § 4426.

(a) This doctrine has been frequently applied in actions brought by tenants against landlords for damages sustained by tenants by reason of landlords' failure to keep the rented premises in repair, as they are bound to do under the statute in this State. Some of the cases in point are *Miller* v. *Smythe,* 92 *Ga.* 154 (18 S. E. 46); Id. 95 *Ga.* 288 (2), 291 (22 S. E. 532); *Stack* v. *Harris,* 111 *Ga.* 149 (36 S. E. 615); *Aikin* v. *Perry,* 119 *Ga.* 263 (46 S. E. 93); *Veal* v. *Hanlon,* 123 *Ga.* 642 (51 S. E. 579); *Henley* v. *Brockman,* 124 *Ga.* 1059 (53 S. E. 672).

(b) The question of negligence is, of course, usually one for the jury. Where, however, the allegations of a petition clearly disclose that the plaintiff, by the use of ordinary care, could have avoided the conse-

quences to himself caused by the defendant's negligence, the petition is subject to general demurrer, and where such fact does not clearly appear from the petition but is manifest from the evidence submitted by the plaintiff on the trial, a nonsuit is proper.

(c) Accordingly, where in an action brought by a tenant and his wife against a landlord for damages from personal injuries sustained by the wife by reason of the failure of the defendant to keep the rented premises in repair, the following facts appear from the petition:   There was a rear porch to the rented dwelling, about nine feet from the ground, and on this porch a railing; the "railing had been erected for a great length of time and was old and rotten, and many of the balusters had fallen out, leaving the rail at the top of said balusters attached at each end to posts, said rail being attached by old and rusty nails, and the railing itself was old and rotten." Prior to the occasion when the injuries alleged were sustained, the plaintiffs had repeatedly notified the defendant "of the defective condition of said . . railing, and had received from [defendant's agent] repeated assurances that the same would be repaired, but that no repairs had ever been made thereon prior to the time the tenant's wife was injured. She "is a very fleshy woman" and "while passing along said back porch . . leaned slightly against said railing; that upon her doing so the said rail gave way on account of its defective condition and on account of the fact that it was old and the nails attaching same to the posts were rusty," and she thereby "was precipitated from said porch to the ground below, falling upon her back," sustaining described and severe injuries, which caused her great pain at the time. Her injuries are permanent and she will continue to suffer pain therefrom, and furthermore she will permanently be rendered incapacitated to perform her household duties.   The petition further alleged that she "was without negligence in leaning against said rail." *Held,* that notwithstanding the allegation last quoted, to the effect that the tenant's wife was not negligent in leaning against the railing, the petition was clearly subject to general demurrer, and the court did not err in dismissing the same, for the reason that the wife of the tenant by ordinary care could have avoided the consequences to herself caused by the landlord's alleged negligence.

*Judgment affirmed.   All the Justices concur, except Hill, J., not presiding.*

JANUARY 10, 1912.

Action for damages.   Before Judge Bell.   Fulton superior court. October 11, 1910.

*W. O. Wilson,* for plaintiffs.

*Smith, Hastings & Ransom,* for defendant.