## DONEHOE *v.* CRANE.

The court did not err in sustaining a general demurrer and dismissing the petition in this case.

JANUARY 14, 1913.

Action for damages. Before Judge Roan. DeKalb superior court. August 24, 1912.

*Etheridge & Etheridge,* for plaintiff.

*Moore & Pomeroy,* for defendant.

HILL, J. Mrs. P. J. Donehoe brought suit against B. B. Crane, to recover damages for personal injuries alleged to have been sustained by her. The petition alleges, that the house in which plaintiff and her husband resided was located upon a lot which slopes sharply from the street toward the rear, so that the house is a considerable distance off the ground, while the yard in front of the house is filled in, so that the floor of the front porch is almost on a level with the filled-in yard, there being one step, the rider of which rests upon the filled-in ground, while immediately under the porch and steps there is a distance of six or seven feet between the floor of the porch and the ground. Along the entire front of the house the ground is also filled in, and from time to time, as heavy rains have fallen, petitioner and her husband have noticed that the ground filled in at different places was giving way; they called the attention of the defendant, and also of his renting agent, to the fact that the condition of the premises was getting to be dangerous; and while there did not appear to be any caving at the steps, plaintiff and her husband called the attention of the defendant and his agent to the fact that they feared the steps might give way, and asked the defendant to examine and reinforce them. The defendant came out some weeks prior to the injury complained of, and examined but did not repair the premises. After plaintiff had notified the defendant to repair the premises and he had had ample opportunity to make the repairs, he still neglected to do so; and plaintiff, on attempting to enter the premises, stepped upon the front step, when suddenly the ground beneath gave way and the step gave way, and plaintiff was precipitated through the opening thus made, a distance of seven feet under the house, and was seriously injured. Negligence is alleged in the failure to repair the premises after defendant's attention was called to their con-

dition, and after he had had opportunity to make the repairs. Plaintiff alleges that she was entirely free from negligence, and that she was in the exercise of due diligence and caution at the time the injury occurred. The defendant filed demurrers, general and special, to the petition. The court sustained the demurrer and dismissed the petition; whereupon the plaintiff excepted.

Under the ruling of this court in the case of *Ball* v. *Walsh*, 137 *Ga.* 350 (73 S. E. 585), we think that the trial judge was right in sustaining the general demurrer and dismissing the petition. The plaintiff by the use of ordinary care could have avoided the injury to herself caused by the alleged negligence of the defendant. The petition alleges that the plaintiff had notified the defendant that the filled-in ground at different places was giving way, and "while there did not appear to be any caving at the steps, petitioner and her husband called the attention" of the defendant "to the fact that they feared the steps might give way," and asked the defendant to examine and reinforce them. The defect, therefore, was just as obvious to the plaintiff as it would have been to the defendant; and that being so, the plaintiff could by the exercise of ordinary care have avoided the consequences to herself of the alleged negligence of the defendant. She feared the steps would give way, and asked the defendant to reinforce them. Ordinary care required her under such circumstances to abstain from the use of the steps until they were repaired. As she failed to exercise ordinary care, as appears from her petition, she can not recover from the landlord damages for her failure to do so. Both the plaintiff in error and the defendant in error cite the case of *Stack* v. *Harris*, 111 *Ga.* 149 (36 S. E. 615), where it is said: "When rented premises become out of repair, it is the duty of the tenant to notify the landlord of this fact, and also to abstain from using any part of the premises the use of which would be attended with danger. But even after notice to the landlord the tenant has a right to use those parts of the premises which are apparently in good condition, if there is nothing to call his attention to what may be a hidden defect. The failure of the landlord to repair in such a case would give to the tenant a right of action for any damages sustained by him, and the use of that part of the premises which was in an apparently sound condition would not preclude him from recovering, notwithstanding he had knowledge that there were other parts of the prem-

ises in a defective condition." It will be observed that in the case just cited this court said that the tenant, after notice to the landlord, has a right to use those parts of the premises which are apparently in good condition. But in the instant case the foundation of the steps was not apparently in good condition, because the tenant called the attention of the landlord to this fact and asked him to reinforce the steps. The defect must have been apparent, for she asked the landlord to repair it, as she "feared the steps might give way." If the tenant used them under such circumstances, she was lacking in ordinary care, and can not recover damages received in consequence of such use. It is true that the petition alleges that the plaintiff was without negligence in using the steps; but, as held by this court in the *Ball* case, supra, where there was an allegation that the plaintiff "was without negligence in leaning against the rail," the petition was clearly subject to the general demurrer, notwithstanding such allegation.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent, and Lumpkin, J., dissenting.*