## CLEMENTS v. BLANCHARD.

Where a dwelling-house containing a cellar was rented on monthly pay-
ments, and because of a leakage through the wall a pond of filthy water
accumulated in the cellar, rendering the house unfit for a home, and
the landlord refused to repair the house, he will not be liable in dam-
ages to the tenant on account of the tenant's sickness sustained three
or four months after the refusal to repair, which sickness is attributed
to the unsanitary condition of the house. The tenant by remaining in
the untenantable premises was guilty of such negligence as barred a
recovery.

FEBRUARY 18, 1914.

Action for damages. Before Judge Bell. Fulton superior court.
October 24, 1912.

*C. G. Battle* and *Hewlett & Dennis,* for plaintiff.

*Slaton & Phillips,* for defendant.

EVANS, P. J. Mrs. J. D. Clements brought an action against
W. H. Blanchard, claiming $5,000 damages for personal injuries.
She alleged: that about twelve months prior to the filing of her
suit she rented from the defendant a dwelling-house having a
cellar, and has since occupied it as a home; that at the time the
house was rented the cellar was dry; that about seven or eight
months after she moved into the house the surface-water washed
out the dirt along and outside of the west wall of the cellar, caus-
ing the wall to leak and allowing the water to flow into the cellar
and pond therein, creating a filthy, muddy, and unhealthy basin of
water from which arose noxious odors and gases, rendering the
house unfit to live in as a home, that she promptly complained to
the landlord of the defective condition, requesting him to repair
and restore the premises to a condition suitable for occupancy, but
he failed and refused to do so; that about three months thereafter
she was stricken with malarial fever and confined to her bed as a
result of the defendant's failure to repair the premises; that she
paid a certain sum monthly as rent of the premises for each and
every month she had lived in the house; and that it was negligence
on the part of the defendant to fail and refuse to repair the prem-
ises, after having notice of the dangerous and unhealthy condition
of the same. Her petition was dismissed on general demurrer, and
she excepted.

The statute (Civil Code of 1910, § 3699) requires a landlord to
keep the rented premises in repair, and makes him liable for all

substantial improvements placed upon them by his consent. Where the premises at the time of the rental contract are in a suitable condition for the purposes for which they were rented, and afterwards become unsuitable and damages result to the tenant in consequence of the untenantable condition of the rented premises, the landlord is liable therefor, provided he had notice of the defective condition of the premises and failed after a reasonable time to make the necessary repairs, and provided also that the tenant has not been guilty of such negligence as to bar a recovery. *Whittle* v. *Webster,* 55 *Ga.* 180. As was said in *Stack* v. *Harris,* 111 *Ga.* 149, 151 (36 S. E. 615), "When rented premises become out of repair, it is the duty of the tenant to notify the landlord of this fact, and also to abstain from using any part of the premises, the use of which would be attended with danger." The plaintiff's petition shows that three months prior to her illness the water accumulated in the cellar because of the failure to repair the wall, and that the effect of the ponding of the water therein was to create such a condition as to render the house unfit to live in as a home. With knowledge that the house had been rendered unfit because of the water standing in the cellar, and after the landlord's positive refusal to repair, nevertheless the tenant continued to remain in the house. She could either have moved out and sued the landlord for damages for failure to keep the premises in repair, or, if the repairs were necessary to render the house tenantable, she could have caused the necessary repairs to have been made, and set them off against the landlord's claim for rent. Her continuance in the house for so long a time after the house was rendered untenantable and the landlord had refused to repair constitutes such negligence as bars her of recovery. *Donehoe* v. *Crane,* ante, 224 (80 S. E. 712). There was no error in dismissing the petition on demurrer.

*Judgment affirmed. All the Justices concur, except Lumpkin, J., dissenting, and Hill, J., disqualified.*