## 6014. MIZE *v.* CLOUD.

WADE, J. 1. Fairly construed, the plaintiff's petition makes the negligence of the minor son of the defendant the direct and proximate cause of the injury to the plaintiff, and sufficiently alleges that the tort was committed by the defendant's command or in the prosecution and within the scope of his business (Civil Code, § 4413); and it does not clearly appear from the allegations of the petition that the plaintiff, by the use of ordinary care, could have avoided the consequences to herself caused by the said negligence. *Ball* v. *Walsh,* 137 *Ga.* 350 (73 S. E. 585). The general demurrer was properly overruled.

2. The special grounds of demurrer, in view of the amendments made to the plaintiff's petition, were without substantial merit, and the court did not err in overruling them.

3. The 4th, 5th, 6th, and 7th grounds of the motion for a new trial, complaining that the court intimated an opinion and stressed unduly the contentions of the plaintiff by addressing certain questions to a witness

for the defendant, are likewise without substantial merit, when all the questions so propounded and the answers thereto are considered together and in connection with the entire evidence, though the practice on the part of trial judges of indulging in extensive examinations of witnesses is rather to be reprehended than approved, because of the probability that the jury may be impressed thereby that the court entertains one opinion of the evidence or of the case on trial rather than another. See *Sharpton* v. *State*, 1 *Ga. App.* 542 (57 S. E. 929).

4. There was no substantial merit in any of the exceptions to the charge of the court, when they are considered in connection with the charge as a whole. The charge appears to have been fair and impartial, and sufficiently full.

5. There was no error on the part of the court in recalling the jury and charging the code provision as to contributory negligence; nor did the charge as given, when taken in connection with the charge as a whole, exclude from the consideration of the jury the questions of proximate cause or lack of ordinary care on the part of the plaintiff.

6. The requested instructions on the law of unavoidable accident were in substance covered by instructions given.

7. The evidence was sufficient to authorize the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED AUGUST 2, 1915.

Action for damages; from city court of Bainbridge—Judge Spooner. August 24, 1914.

*R. G. Hartsfield,* for plaintiff in error.
*M. E. O'Neal, Harrell & Wilson,* contra.