## 11804. WILLIAMS v. JONES.

JENKINS, P. J. 1. While it is the general rule that, in the absence of an agreement so to do, a landlord is not bound to repair a patent defect in a building, the existence of which was known to the tenant at the time the rent contract was entered into (*Aikin* v. *Perry*, 119 *Ga.* 263(3) (46 S. E. 93); *Driver* v. *Maxwell*, 56 *Ga.* 11(2); *White* v. *Montgomery*, 58 *Ga.* 204(1)), this principle of waiver did not have application where the defect arose during the term of the tenancy, which, according to the contention of the landlord, expired and was renewed at the end of each week, where it also appeared that the landlord had been notified by the tenant of such defect, and, without refusing to repair it prior to any such weekly renewal, had failed so to do within a reasonable time after such notice had been given. In such a case the renewal will not be taken as a waiver of the defect, but will be construed in connection with the notice given and the resultant obligation devolving upon the landlord.

2. Although the tenant may not have waived performance of the landlord's

duty to repair, or any right of action growing out of an injury caused by failure to repair, and even though ample notice of the defect may have been given by the tenant to the landlord, it is nevertheless the rule that neither the tenant nor any person lawfully upon the premises by his express or implied invitation can recover for injuries caused by such defect, where the tenant or such other person could have avoided the consequences of the landlord's negligence in failing to repair, by the exercise of ordinary care on his own part. *Ball* v. *Walsh*, 137 *Ga.* 350 (73 S. E. 585) ; *Ross* v. *Jackson*, 123 *Ga.* 657 (51 S. E. 578); *Ledbetter* v. *Gibbs*, 19 *Ga. App.* 485(2) (91 S. E. 875). The care which is here required of a child of tender years is, however, only such as its mental and physical capacity fits it for exercising under the circumstances (Civil Code (1910), § 3474), and a child of four years is conclusively presumed to be incapable of contributory negligence. *Crawford* v. *Southern Ry. Co.*, 106 *Ga.* 870, 877 (33 S. E. 826). Any negligence of the tenant in failing to prevent his child from using the defective portion of the premises would not be imputable to the child, in an action maintained in its own behalf. Civil Code (1910), § 3475; *Ferguson* v. *Columbus & Rome Ry. Co.*, 77 *Ga.* 102; *Herrington* v. *Macon*, 125 *Ga.* 58, 59(5) (54 S. E. 71) ;. *Crook* v. *Foster*, 142 *Ga.* 715, 716 (83 S. E. 670).

3. The court did not err in charging the jury that a child of such tender years might recover damages for physical and mental pain and suffering. *Elk Cotton Mills* v. *Grant*, 140 *Ga.* 727(6), 733 (79 S. E. 836, 48 L. R. A. (N. S.) 656) ; *City & Suburban Ry. Co.* v. *Findley*, 76 *Ga.* 311(5), 318; *Cooper* v. *Mullins*, 30 *Ga.* 146(2), 152 (76 Am. Dec. 638).

4. There being some evidence to support the plaintiff's contention as to each of the contested issues involved, the trial judge did not abuse his discretion in refusing to grant a new trial.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED MARCH 26, 1921.

Action for damages; from Bibb superior court — Judge Kent presiding. July 26, 1920.

*L. D. Moore,* for plaintiff in error. *R. G. Plunkett,* contra.