## 19119. MILLS *v.* BARKER.

DECIDED NOVEMBER 14, 1928.

*Sims & Berman,* for plaintiff.
*T. M. Smith, Troutman & Troutman,* for defendant.

BLOODWORTH, J. Mrs. Mills sued Mrs. Lillian Barker and her husband Dr. Barker. She alleged in part that the defendants owned an apartment house in the city of Atlanta; that about 2.30

p. m. one afternoon she was leaving the apartment and "stepped in a hole about four inches wide and about three inches deep, being a broken place in the concrete step," which caused her to fall down the length of the steps to the bottom, severely injuring her. She further alleged that she could not have avoided the injury by the use of ordinary care, and that she did not contribute to it in any way; that defendants were negligent in not repairing the said premises after they had been notified of the defective and dangerous condition of the premises, and in "their failure to keep said premises in repair and in a safe condition." The defendants filed a plea denying liability, and alleging that Dr. Barker had no interest in the apartment house. At the close of the evidence the court directed a verdict for the defendants; and the plaintiff excepted to the directing of the verdict in favor of Mrs. Barker.

We will not discuss the first headnote.

The direction of the verdict for the defendants was proper. The evidence clearly showed that Dr. Barker had no interest whatever in the apartment house, and his lack of liability was thus clearly proved. Was the direction of the verdict in favor of Mrs. Barker correct? The evidence shows that the plaintiff and her mother lived in different apartments but in the same apartment house. The plaintiff swore: "My front door was right in her back door, and I could go right out from my front into her back door." It appears from the evidence that the plaintiff and her mother were leaving the apartment house "in broad daylight about 2.30 p. m.," and while on an uncovered porch at the very top step she stepped in a hole about four inches wide and three inches deep and fell and was injured. This hole was not concealed, but was plainly apparent. In her petition the plaintiff alleges, as shown above, that she could not have avoided the injury to herself by ordinary care. Could she? She swore: "My mother and myself came out of her front door at the same time, and I hesitated to see if I had the key, and then we started down the steps, and she and the baby were right over to the left and I was going right down one step and stopped to look back to see if she had shut her glass doors, which was the front door, and as I started to go down my heel hung in this place and threw me to the ground. I had already stopped to look back. It was the very top step that my heel hung in." That the plaintiff stepped in the place which caused her to fall seems due

to her own carelessness in not watching where she walked. When all the evidence is considered, it is apparent that the plaintiff, by the exercise of ordinary care, could have avoided the injury caused by the alleged negligenc of the defendants. In *Americus, Preston & Lumpkin Railroad Co.* v. *Luckie,* 87 *Ga.* 7 (13 S. E. 105), Justice Lumpkin said: "It seems to be the clear meaning of our law that the plaintiff can never recover in an action for personal injuries, no matter what the negligence of the defendant may be, short of actual wantonness, when the proof shows he could by ordinary care, after the negligence of the defendant began,. or was existing, have avoided the consequences to himself of that neglignce." See also Civil Code (1910), § 4426; *Ball* v. *Walsh,* 137 *Ga.* 350 (73 S. E. 585); *Athens Ry. & Electric Co.* v. *McKinney,* 16 *Ga. App.* 741 (86 S. E. 83); *Hendricks* v. *Jones,* 28 *Ga. App.* 335 (111 S. E. 81); *Avary* v. *Anderson,* 31 *Ga. App.* 402 (120 S. E. 683).

*Judgment affirmed. Broyles, C. J., and Luke, Jr., concur.*