19193.   JACKSON *v.* DAVIS *et al.*

Decided April 12, 1929.

*Craighead & Craighead, W. C. Henson,* for plaintiff.
*L. J. Steele, Robert Ramspeck,* for defendant.

BELL, J. (After stating the foregoing facts.) We think the court properly sustained the demurrer. The petition alleges that the rear porch "had been in a defective and unsafe condition" for a long time, and that this condition had been frequently reported to the defendants. Ordinary care required that the plaintiff should have refrained from using that portion of the premises which appeared to be unsafe. Notwithstanding allegations to the effect that the defects were latent, the petition when construed as a whole discloses that the plaintiff knew that the rear porch, including the banister, was "defective and unsafe," and knew or should have known that its use would likely result in injury.

It is true that a tenant, after notifying the landlord of a defect, has the right to use such parts of the premises as are apparently in good condition; but the plaintiff here was using a part of the premises which he knew was in bad condition.

Construing the allegations of the petition most strongly against the plaintiff, as must be done on demurrer, it affirmatively appears that the injury sustained by the plaintiff was the result of his own failure to exercise ordinary care for his safety. In our opinion the case is controlled by the decisions in *Ball* v. *Walsh,* 137 *Ga.* 350 (73 S. E. 585); *Donehoe* v. *Crane,* 141 *Ga.* 224 (80 S. E. 712); *Ledbetter* v. *Gibbs,* 19 *Ga. App.* 485 (2) (91 S. E. 875); *Weyman* v. *Maynard,* 24 *Ga. App.* 94 (2) (100 S. E. 25), and should be distinguished from such cases as *Stack* v. *Harris,* 111 *Ga.* 149 (36 S. E. 615), and *Miller* v. *Jones,* 31 *Ga. App.* 318 (120 S. E. 672).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*