## 26164. LEE *v.* MALONE.

DECIDED MAY 22, 1937.

*Jones, Powers & Williams, Pollard Turner,* for plaintiff.

*Pearce Matthews, John S. Matthews,* for defendant.

SUTTON, J. Mrs. Johnnie K. Lee brought suit against Miss Alberta Malone, for damages alleged to have been sustained by her because of the negligence of the defendant; the petition alleging substantially, that the defendant owned and operated in the City of Atlanta an apartment-house which had been converted from a residence into five separate units; that the defendant lived on the premises, collected the rents, and supervised the maintenance and repair work on the premises, and had full knowledge of the condition thereof; that the plaintiff was a tenant in said apartment, occupying an upstairs or second-floor unit of the building; that at the time she leased the apartment unit there was a straight stairway leading to the entrance of the apartment leased by her, this stairway being on the outside of the building and extending from the ground to the second floor, but the defendant tore down

the said stairway, and, for the purpose of improving the looks of the property, erected instead a winding stairway, containing five landings between the ground and the second floor; that no covering was placed on the steps, and likewise no mat or carpet was placed thereon; that the defendant did not provide any illumination whatever for the stairs or any of the landings; that the only light on the stairs came from a street light some distance down the street, and was reflected through the branches and foliage of certain trees between the steps and the street light, rendering the effect of the light more deceptive than if there had been no light at all; that on March 24, 1935, at about 7 o'clock p. m., the plaintiff, while descending the winding stairway, lost her footing, slipped and fell, by reason of which she sustained certain described injuries; that on said occasion the night was unusually dark, and because the steps were not lighted otherwise than by the street light reflecting through the trees as aforesaid, and because of the shadows cast by the reflections the steps were dark, confused, and confusing and barely visible, and it was because of said condition that the plaintiff lost her footing, slipped and fell; that at the time she was exercising all reasonable care and diligence, and, while mindful of the fact that the steps were inadequately lighted, was not aware of the extremely dangerous and treacherous condition thereof; that the defendant, when using the stairway, at and before the time the plaintiff fell and was injured, carried and used a flashlight and was fully aware and had actual personal knowledge and notice of the unsafe and dangerous condition of the unlighted stairway, the condition of which caused the injuries and damage to the plaintiff; and that all of the injuries and damages suffered by the plaintiff were directly and solely attributable to the failure of the defendant to erect and maintain said stairway in a reasonably safe condition for the use of the plaintiff and other tenants in the building.

The defendant generally demurred to the petition on the grounds, among others, that it did not allege with sufficient certainty the manner in which the plaintiff fell or the cause thereof; that, while she alleges that she was exercising all reasonable care and diligence, the allegations of the petition do not support such conclusions, but show that the plaintiff not only knew that the steps were inadequately lighted but that as she started down the

steps she was mindful of that fact; that the allegation that she was not aware of the extremely dangerous and treacherous condition is not supported by the allegations elsewhere in the petition, and, in fact, in the same paragraph, to the effect that she knew of the unlighted or inadequately lighted condition of the steps and was fully mindful thereof, and therefore that the petition shows on its face that she used the steps with full knowledge of the condition thereof, and could not recover, notwithstanding the allegation that she was not aware of the fact that the condition was dangerous; that the petition shows on its face, disregarding the unsupported conclusions of the pleader, that the plaintiff had equal opportunity to know, and in fact had equal knowledge with the defendant, as to the condition of the stairways, and that notwithstanding such knowledge she continued to use them, and that under these circumstances she used them at her own risk and could not recover; that the petition shows the plaintiff had knowledge of the condition of the steps and made no complaint thereof to the defendant, and that with such knowledge, and, in fact, as she alleges, "while mindful of the fact that said steps were inadequately lighted," she continued to use them; and that under these circumstances the plaintiff shows no right to recover.

Special grounds of demurrer were not passed on, but the court sustained the general demurrer, granting to the plaintiff fifteen days in which to amend the petition to meet the ruling, and ordering that the petition stand dismissed unless amended within such time. The plaintiff, without amending, excepted to the judgment.

On general demurrer a petition must be construed most strongly against the pleader, and general averments must yield to specific allegations of fact. In the present case the petition shows that the alleged unsafe and defective condition of the stairway was not as to the stairway itself, but only because of the effect brought about by a lack of sufficient illumination on the stairway and the casting of deceptive shadows from a street light. It is not alleged that any repairs were needed, or that the landlord had been notified that any were needed, or that there was a latent defect, or that the steps were slippery and that she fell because of a slippery condition or improper construction, or that there was any trap or obstruction about the stairway or any element of danger independent of outside factors. The danger was obvious. Ordinary care

required that the plaintiff desist from using the stairway. She was aware or "mindful of the fact that said steps were inadequately lighted," even before she began the descent of the stairway, but nevertheless she continued to use them. No minute inspection by the landlord would have revealed anything that she did not herself already know. The failure to use ordinary care for her own safety bars the plaintiff from recovery, even if it could be said that the landlord, in control of the premises, was negligent in failing to provide sufficient illumination. This case is controlled by *Ball* v. *Walsh,* 137 *Ga.* 350 (73 S. E. 585), *Donehoe* v. *Crane,* 141 *Ga.* 224 (80 S. E. 712), *Clements* v. *Blanchard,* 141 *Ga.* 311 (80 S. E. 1004), *Ledbetter* v. *Gibbs,* 19 *Ga. App.* 485 (2) (91 S. E. 875) and *Jackson* v. *Davis,* 39 *Ga. App.* 621, 623 (147 S. E. 913). "The question of negligence is, of course, usually one for the jury. Where, however, the allegations of a petition clearly disclose that the plaintiff, by the use of ordinary care, could have avoided the consequences to himself caused by the defendant's negligence, the petition is subject to general demurrer," *Ball* v. *Walsh,* supra. The present case does not fall in the class of *Stack* v. *Harris,* 111 *Ga.* 149 (36 S. E. 615), *Johnson* v. *Collins,* 98 *Ga.* 271 (26 S. E. 744), and *Miller* v. *Jones,* 31 *Ga. App.* 318 (120 S. E. 672), and cases cited by the plaintiff in error to the effect that, after notice to or knowledge by the landlord of a defective condition, the tenant has the right to use portions of the premises which are apparently in good condition or not such as to cause the tenant to suspect that the use thereof would be dangerous, and where the question of the plaintiff's negligence is properly one for the jury. Construing the present petition as a whole, it must be held as a matter of law that the plaintiff was negligent in using the stairway while conscious of a positive, patent danger in such use. Moreover, in the absence of a contract or statutory obligation to do so, as here, the landlord was not under any duty to erect or maintain a light on the stairway. Gallagher v. Murphy, 221 Mass. 363 (108 N. E. 1081, Ann. Cas. 1917E, 594); *Chamberlin* v. *Nash,* 54 *Ga. App.* 508 (188 S. E. 276). The court did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*