26587. SROCHI *v.* HIGHTOWER.

DECIDED FEBRUARY 15, 1938.

*M. E. Kilpatrick, Hamilton Lokey, Harold Hirsch, Marion Smith,* for plaintiff in error.

*Mayhew Lambert, H. C. Holbrook,* contra.

BROYLES, C. J. This was a suit in damages for alleged personal injuries sustained by the plaintiff. The petition alleged that the plaintiff was a tenant of one of the apartments in an apartment house owned by the defendant; that the front entrance to said house was reached from Cooper Street, and, in entering the house, it was necessary to step up several concrete steps from the sidewalk to a concrete landing, which was about ten feet from the edge of the steps to the front door of the apartment building; that the plaintiff had occupied, as a tenant, her apartment for several years prior to January 22, 1937; that said concrete landing was built to be equipped with an electric light overhead which the defendant kept burning to permit the tenants of the house to see how to enter the building when it was dark, as there was no street light in front of the house to furnish light to its entrance; that when plaintiff rented her apartment, the light in the front entrance of the building would burn when turned on, and "was kept burning at night time until some few days just prior to January 22, 1937, at which time the electric light bulb was either removed or would not burn when the switch was turned on;" "that on or about January 22, 1937, at or about 6 o'clock in the evening, your petitioner started to enter into said apartment building to reach her apartment from the front entrance, and by reason of there being no light in the vestibule or front porch, and it [being] so extremely

dark that petitioner could not see her way in entering said apartment, and as she was going up the steps to the landing she stumbled or was tripped up by said landing and was thrown face downward on to the tile or concrete floor of said vestibule with much and great force," and sustained the described injuries sued for; that there was a back entrance to the building, but it also was unlighted and unsafe to use at night. The petition did not allege that the concrete steps or landing were defective, but the right of plaintiff to recover was based solely upon the alleged fact that they were not illuminated on the night of January 22, 1937.

The petition, properly construed (most strongly against the pleader), shows that the plaintiff knew "some few days just prior to January 22, 1937," that "the electric light bulb was either removed or would not burn," and, although she knew that the steps and landing were in total darkness, and that it was not safe for her to attempt to walk up the steps in the dark, she nevertheless attempted to do so, and thereby fell and sustained certain personal injuries. It clearly appears from the allegations of the petition that the danger was obvious to her, and, that by the exercise of ordinary care for her own safety, she could have avoided being injured; and the court erred in overruling the general demurrer to the petition. This ruling is supported by the following cases (where the facts were substantially similar to those of this case): *Hendricks* v. *Jones,* 28 *Ga. App.* 335 (111 S. E. 81), and cit.; *Castleberry* v. *Fox,* 29 *Ga. App.* 35 (113 S. E. 110); *Frierson* v. *Mutual Co.,* 48 *Ga. App.* 839 (174 S. E. 144); *Lee* v. *Malone,* 55 *Ga. App.* 821 (191 S. E. 494). See also *Tybee Amusement Co.* v. *Odum,* 51 *Ga. App.* 1 (179 S. E. 415), where this court (on page 3) approved the ruling in *Hendricks* v. *Jones,* supra. While the petition alleges that "it was the duty of defendant to keep a light in said vestibule or front porch so that tenants might see how to enter in or go out of said apartment when dark or during the night time," it is well-settled law that "in the absence of a contract or statutory obligation to do so, as here," the landlord was not under any duty to erect or maintain a light on the porch of the apartment house. *Lee* v. *Malone,* supra.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*