## 27899. TURNER *v.* LONG.

DECIDED FEBRUARY 29, 1940.

*Maddox & Griffin,* for plaintiff.

*Mrs. Charles Camp, Alec Harris,* for defendant.

STEPHENS, P. J. Charles W. Turner filed suit for damages against Taylor Long. He alleged in his petition that he lived in a certain house which he rented from the defendant; that the defendant occupied a room in the house and had knowledge of all the facts hereafter set forth; that the roof over the porch of the house had become old and leaked when it rained, causing the floor of the porch to become soaked with water "and when so soaked with water was very slick and dangerous on which to walk;" that on February 14, 1939, it had been raining, and as a result the roof over the porch had leaked and the floor of the porch had become soaked with water and was "very slick;" that "just about nighttime after it had stopped raining" the plaintiff "stepped from the house on to said porch for the purpose of going for some water, suddenly and on account of the condition of said floor that his feet slipped from under him and he was thrown and fell to the floor," injuring him as set out in the petition; that the defendant knew of the condition of the roof and of the condition of the floor of the porch "when the same became wet and soaked with water as it was on this occasion;" that because it was just about dark the plaintiff did not notice the wet and soaked condition of the floor, and the porch being dark, by the exercise of ordinary care he would not and could not have noticed the condition of the porch floor; that in addition to actual knowledge the defendant's attention had been called to the condition of the roof and the floor; that the defendant was guilty of

negligence in that he kept the "premises in disrepair after notice had been given to him in reference thereto, and particularly in reference to the condition of said roof, allowing said premises and said roof to remain in said condition after notice thereof," and in failing to repair the roof of the porch so that it would not leak and render the floor slick as alleged. The defendant demurred generally and specially to the petition. The trial judge sustained the demurrer and dismissed the action. The plaintiff excepted.

It is alleged that the defendant landlord occupied a room in the rented premises and that he had knowledge that the porch roof of the house had become old and leaked when it rained, causing the floor of the porch to become soaked with water and very slick and dangerous to walk on. Where a landlord occupies ·a room in the rented premises he is presumed to have knowledge of the defective and leaky condition of the roof, and notice by the tenant to repair is not necessary. *Guthman* v. *Castleberry*, 49 *Ga.* 272. It is true that the petition in this case alleges that the defendant's attention had been called to this condition of the roof and the floor, and that he was negligent in keeping the premises in "disrepair" and in allowing the roof and the floor to remain in the condition alleged. Where the landlord, after knowledge or notice that the premises are out of repair, neglects to repair them within a reasonable time he may be liable to the tenant in a proper case. for injuries sustained by reason of the failure to make such repairs. *Valdes Hotel Co.* v. *Ferrell*, 17· *Ga. App.* 93· (4) (86 S. E. 333). However, where premises have become defective and dangerous it is the duty of the tenant to abstain from using that part of the rented premises the use of which would be attended with danger, for if by the exercise of ordinary care the tenant could have avoided injury to himself resulting from the landlord's failure to repair rented premises he can not recover. *Aiken* v. *Perry*, 119 *Ga.* 263 (3) (46 S. E. 93) ; *Williams* v. *Jones*, 26 *Ga. App.* 558 (106 S. E. 616). Where it affirmatively appears from the petition that the tenant voluntarily used the portion of the rented premises which he knew to be dangerous under certain conditions then existing, he is not entitled to recover for injuries sustained because of his use of that portion of the premises when the conditions rendering them dangerous are apparent. Such failure to use ordinary care for his own safety bars the tenant from recovering, even though

the landlord was negligent in failing to make the necessary repairs. *Lee* v. *Malone, 55 .Ga. App.* 821 (191 S. E. 494).

It is true that the tenant has the right to use such parts of the premises as are apparently in good condition, but the plaintiff here was using a part of the premises which he knew was in bad condition, and which he knew, or should have known, was at the time and under the circumstances dangerous and likely to produce injury to any one using the same. It therefore affirmatively appears from the allegations of the petition that the injury sustained by the plaintiff was the result of his own failure to exercise ordinary care for his own safety. See *Jackson* v. *Davis, 39 Ga. App.* 621 (147 S. E. 913).

The court properly sustained the general demurrer to the petition. *Judgment affirmed. Sutton and Felton, JJ., concur.*