31357. BIXBY *v.* SINCLAIR REFINING COMPANY *et al.*

DECIDED NOVEMBER 7, 1946. ADHERED TO ON REHEARING DECEMBER 11, 1946.

628

*Charles W. Anderson,* for plaintiff.

*Alston, Foster, Sibley & Miller, William B. Spann Jr.,* for defendants.

GARDNER, J. It will be observed that the petition alleges that the plaintiff knew that the building involved "was cracked and in dangerous condition . . . leaving it [the premises involved] in a constant and dangerous state of neglect and impaired and in a constant state of danger of falling in said living quarters." The Code, § 105-603, reads: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained."

This court and the Supreme Court have held in similar situations that the plaintiff could not recover because, knowing of the dangerous condition of the premises, she did not exercise ordinary care to avoid the consequences caused by the defendants' negligence. For this reason in such cases no recovery can be had. See, in this connection, *Parker* v. *Miller,* 41 *Ga. App.* 560 (153 S. E. 619); *Ball* v. *Walsh,* 137 *Ga.* 350 (73 S. E. 585); *Donehoe* v. *Crane,* 141 *Ga.* 224 (80 S. E. 712). In *Jackson* v. *Davis,* 39 *Ga. App.* 621 (147 S. E. 913), this court said: "When rented premises become defective and unsafe, it is the duty of the tenant to refrain from using that part of the premises the use of which would be attended with danger. It is his duty to exercise ordinary care for his own safety, and where he is injured as a result of his failure to exercise such care, he can not recover damages from his landlord, even though the latter may have been negligent in failing to make repairs. Construing the allegations of the petition most strongly against the plaintiff, as must be done on demurrer, it affirmatively appears that the plaintiff voluntarily used a portion of the premises which he knew was dangerous; and, this being true, he was not entitled to recover. The court properly sustained the general demurrer and dismissed the petition."

This court, in a more recent case, *Turner* v. *Long,* 61 *Ga. App.* 785, 786 (7 S. E. 2d, 595), held: "However, where premises have become defective and dangerous, it is the duty of the tenant to abstain from using that part of the rented premises the use of which would be attended with danger, for if by the exercise of

ordinary care the tenant could have avoided injury to himself resulting from the landlord's failure to repair rented premises he can not recover. *Aikin* v. *Perry,* 119 *Ga.* 263 (3) (46 S. E. 93); *Williams* v. *Jones,* 26 *Ga. App.* 558 (106 S. E. 616). Where it affirmatively appears from the petition that .the tenant voluntarily used the portion of the rented premises which he knew to be dangerous under certain conditions then existing, he is not entitled to recover for injuries sustained because of his use of that portion of the premises when the conditions rendering them dangerous are apparent. Such failure to use ordinary care for his own safety bars the tenant from recovering, even though the landlord was negligent in failing to make the necessary repairs. *Lee* v. *Malone,* 55 *Ga. App.* 821 (191 S. E. 494)."

The law with reference to the duty of a landlord and obligations to the tenant which is set forth in the Code, §§ 61-111, 61-112, is relied upon by counsel for the plaintiff. Counsel cites *Dougherty* v. *Taylor & Norton Co.,* 5 *Ga. App.* 773 (63 S. E. 928), and calls particular attention to *Stack* v. *Harris,* 111 *Ga.* 149, 152 (36 S. E. 615), where the court stated: "There was nothing appearing on the face of the petition which would authorize a conclusion that the plaintiff was guilty of such negligence as would preclude a recovery on his part." It will be observed in that case that the issue involved pertained to a latent defect and the responsibility of the landlord to make inspection after notice. It will readily be observed that there is no similarity between the facts in that case and those in the instant case. Counsel for the plaintiff likewise specifically calls our attention to *Johnson* v. *Collins,* 98 *Ga.* 273, 274 (26 S. E. 744), where the court said: "The negligence of the landlord was alleged, and the tenant rests her case upon the theory that, though she was advised that the premises were in need of repair, and that, although she knew they were out of repair, she did not know their use would be dangerous. The question as to whether or not she was in the exercise of ordinary care in the use of the steps, was a question of fact to be passed upon by a jury; and to convict her of negligence, it was necessary to appear, not only that the steps, which were the cause of her injury, were defective, but that she likewise knew of the danger. If they were out of repair, but not so obviously so as that a person of ordinary prudence must have known they were dangerous, then she was entitled to go

to the jury upon the question as to whether there was an apparent danger in their use. As long as she did not know they were dangerous, or had no reasonable ground to suspect such to be the fact, her use of them could not be legally considered negligent. She alleges that she did not know they were dangerous. There is no allegation from which the inference can be drawn as matter of law that they were so obviously dangerous as to have put a prudent person upon notice of any danger which might result from their use; and the demurrer to the declaration admitting the facts . . should have been overruled, and the questions of fact made in the case submitted to the jury." Judge Lumpkin wrote a dissenting opinion in which he set forth that the plaintiff could not recover, but viewed from the majority opinion, the right to recover was put on the premise that the allegations of the tenant's petition alleged that, while the steps were defective, she did not know that they were dangerous. In the instant case, the allegations of the petition are to the effect that she knew that the premises were not only defective, but dangerous. Such allegations on her part, of continuing to use the premises when she knew they were dangerous, convict her of a failure to exercise ordinary care to avoid the negligence of the defendants. It thus precludes her, under the law, from recovery under the allegations of the petition. The cases cited in the plaintiff's supplementary brief are not in point, and we deem it unnecessary to discuss them.

The court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

### ON REHEARING.

We have examined the numerous cases cited by the plaintiff in the brief and supplementary brief in the original consideration, as well as those cited in the motion for rehearing. Many of them, even on a cursory examination, can have no conceivable bearing on the issue involved in this record, and the many others cited are distinguishable from the instant case by the issues involved under their peculiar facts. After mature consideration, we can think of no benefit that could result from a discussion of any of the cases cited. The original opinion which we now adhere to lays down our view as to the issue made by the demurrer to the petition.

*Judgment adhered to. Broyles, C. J., and MacIntyre, J., concur.*