## 32483. BANKS v. HOUSING AUTHORITY OF THE CITY OF ATLANTA.

Decided May 20, 1949.

314

*James Glenn Lamar,* for plaintiff.

*Neely, Marshall & Greene, W. Neal Baird,* for defendant.

SUTTON, C. J. (After stating the foregoing facts.) Counsel for the housing authority rely on three general propositions as authority for sustaining the judgment of the trial court dis-

missing the action on general demurrer. These are: (1) A suit in tort cannot be maintained against the Housing Authority of the City of Atlanta. (2) The petition does not show that the defendant knew that the ice was on the steps, or that it had been on the steps for such a length of time as to charge the defendant with knowledge thereof. (3) The petition shows that the plaintiff in the exercise of ordinary care could have avoided the fall and her resulting injuries.

Assuming, without deciding, that the present action in tort can be maintained against the housing authority, it appears from the petition that the treads of the steps were sloping downward, and that the steps had been worn to a point where each of the treads had a slight hollow in it; and it also appears that for two days prior to the alleged accident it had rained and freezing temperatures had prevailed, and that rain water had collected on the steps and had frozen; but nothing appears in the petition to show why the alleged defective and dangerous condition of the steps was not obvious to the plaintiff. Construing the allegations of the petition most strongly against the pleader, as is proper on general demurrer, it appears that the defects in the steps were patent, that the defective and dangerous condition of these steps could have been determined by ordinary observation, and that anyone aware of this defective and dangerous condition would, in the exercise of ordinary care, have avoided the use of the steps, or, before using the steps, would have taken such precautions as to avoid being injured while using the steps. The general allegation of the plaintiff that the condition was not obvious or apparent, without any supporting facts, is overcome by the allegations showing the dangerous condition of the steps, which make it appear that the condition must have been apparent. It does not appear that the plaintiff's eyesight was defective, and if these steps were her only means of ingress and egress, certainly she must have noticed that the treads were worn and sloped downward, and the petition shows that she was aware of the weather conditions. The allegation that she was in the exercise of ordinary care is not supported by any facts, and her acts under the existing conditions show a failure to exercise ordinary care. The conclusion is inescapable, from a consideration of all the facts shown in the petition, that the

316

proximate cause of the plaintiff's injuries was the failure on her part to exercise ordinary care in using the steps under the circumstances. While questions of negligence and proximate cause should ordinarily be submitted to a jury, it is the duty of the court to decide such questions in clear and indisputable cases, where, as here, the failure to use ordinary care for her own safety bars the plaintiff from recovery. It follows that the petition in this case failed to state a cause of action, and the trial judge did not err in sustaining the general demurrer of the defendant and dismissing the petition. See *Jackson* v. *Davis,* 39 *Ga. App.* 621 (147 S. E. 913); *Aikin* v. *Perry,* 119 *Ga.* 263 (2) (46 S. E. 93); *Ball* v. *Walsh,* 137 *Ga.* 350 (73 S. E. 585); *Donehoe* v. *Crane,* 141 *Ga.* 224 (80 S. E. 712); *Mills* v. *Barker,* 38 *Ga. App.* 734 (145 S. E. 502); *Williams* v. *Jones,* 26 *Ga. App.* 558 (106 S. E. 616); *National Bellas-Hess Co.* v. *Patrick,* 49 *Ga. App.* 280 (175 S. E. 255); *Gallovitch* v. *Ellis,* 55 *Ga. App.* 780 (3) (191 S. E. 384); *Lee* v. *Malone,* 55 *Ga. App.* 821 (191 S. E. 494); *Kimball* v. *Morcock,* 57 *Ga. App.* 750 (196 S. E. 125); *Peeler* v. *Smith,* 58 *Ga. App.* 470 (198 S. E. 827); *Turner* v. *Long,* 61 *Ga. App.* 785 (7 S. E. 2d, 595); *Upchurch* v. *Coggins,* 70 *Ga. App.* 205 (27 S. E. 2d, 869); *Bixby* v. *Sinclair Refining Co.,* 74 *Ga. App.* 626 (40 S. E. 2d, 677).

*Judgment affirmed. Felton and Parker, JJ., concur.*