## 39435.   CARROLL ELECTRIC MEMBERSHIP CORPORATION v. SIMPSON.

CARLISLE, Presiding Judge.   1.   While ordinarily questions of negligence and diligence and of cause and proximate cause are questions solely for consideration of the jury (*Rowe v. Camp,* 45 Ga. App. 794 (1), 165 SE 894; *Frye v. Pyron,* 51 Ga. App. 613 (1), 181 SE 142), and such questions should not be solved by the court on demurrer except in plain, palpable and indisputable cases (*Long Construction Co. v. Ryals,* 102 Ga. App. 66 (1), 115 SE2d 726), yet, where the petition shows that the acts and omissions of the defendant alleged therein and charged as constituting negligence, if they were in fact negligence, were not a contributing or proximate cause of the plaintiff's injury, and further that the sole proximate cause of the plaintiff's injury was his own negligence, a general demurrer should be sustained.   *Moore v. Seaboard &c. R. Co.,* 30 Ga. App. 466 (6) (118 SE 471).

2.   "One who recklessly tests an observed and clearly-obvious peril is guilty of a lack of ordinary care, and his own negligence, notwithstanding any accompanying negligence by another, may, under the particular facts, be deemed the proximate cause of his injury.   In plain and palpable cases, it will be so held as a matter of law; otherwise, questions as to such negligence, as well as other questions of negligence by the parties, and as to the proximate cause of the injury, present issues for the jury."   *Laseter v. Clark,* 54 Ga. App. 669 (1) (189 SE 265).

3.   The petition in this case alleges that the defendant maintains its high voltage transmission lines across the premises of T. D. Daniels, located in Carroll County, Georgia; that approximately one year prior to the occurrence in question the Danielses erected their combination house and store beneath such transmission lines, the highest point of the roof of the house being within eight feet of the transmission lines; that the Danielses also erected a 12-foot steel and aluminum television antenna on the roof of the house and within five feet of said transmission lines; that the plaintiff, a salesman, visited the premises of the Danielses; that while he was there and in conversation with Mrs. Daniels they observed smoke coming from the residence portion of the building, and upon

an investigation discovered that the source of the smoke was the television set; that he instructed Mrs. Daniels to remove the fuses from the house circuits and they thereafter together extinguished the flame in the television set; that plaintiff went outside where Mrs. Daniels' three children were playing and observed a television lead-in wire burned in two and dangling close to the ground; that in order to remove the same from the reach of the children he picked the wire up to throw it on top of the house and in so doing received a severe electrical shock which inflicted enumerated injuries and for which he sues the defendant.

While the plaintiff alleges that he did not know, and had no reason to know, of the dangerous condition of the lead-in wire at the time he picked it up, when the petition is construed most strongly against him, as must be done on demurrer, the petition shows that the defendant's transmission lines and the presence of the antenna is close proximity thereto were clearly observable and no fact is alleged to show why the plaintiff did not observe the physical condition of the premises at the time and place in question and it must, therefore, be taken that he did observe. Furthermore, so construed, the petition shows that the plaintiff observed that the television lead-in wire had been burned in two as the result of being charged with high voltage electricity sufficient to set the television set afire and that he was attempting to remove the wire from the reach of the children because he knew that the wire was a dangerous instrumentality charged with high voltage electricity. So construed, the petition shows that the plaintiff had knowledge of the danger in handling the wire and deliberately chose to expose himself to such danger. His own negligence in choosing such a course of action was the sole proximate cause of his injury, notwithstanding the fact that the defendant may have been guilty of negligence, as charged in the petition, in permitting the erection of the house and the television antenna thereon beneath its transmission lines and in maintaining its transmission lines at such a height above the house and with sufficient sag in the wires as to permit them to come in contact with the television antenna when they were blown against the antenna by the wind. Under the principles of law announced in the first two headnotes, the amended petition did

not state a cause of action, and the judge of the trial court erred in overruling the defendant's general demurrer thereto. *Judgment reversed.* *Eberhardt and Russell, JJ., concur.*

DECIDED APRIL 30, 1962—REHEARING DENIED MAY 15, 1962.

*Robert D. Tisinger, William J. Wiggins,* for plaintiff in error. *Glenn T. York, Gilbert & Head, Aubrey W. Gilbert,* contra.