## 42489. MULLINAX v. COOK.

ARGUED JANUARY 3, 1967—DECIDED JANUARY 18, 1967—REHEARING DENIED FEBRUARY 13, 1967

204

*Olin C. Hammock,* for appellant.

*Harris, Russell & Watkins, Philip R. Taylor,* for appellee.

FELTON, Chief Judge. Although the landlord, after knowledge or notice that the premises were out of repair, might have been liable to the tenant for injuries sustained by the tenant as a result of his neglect to make repairs within a reasonable time, it was the tenant's duty to abstain from using that part of the rented premises the use of which would be attended with danger, and, if it affirmatively appears from the petition that the tenant voluntarily used the portion of the premises which he

knew to be dangerous under the alleged existing and apparent conditions, such conduct was a failure to use ordinary care for his own safety and will bar the tenant's recovery, even though the landlord was negligent in failing to make the necessary repairs. *Finley v. Williams,* 45 Ga. App. 863, 864 (166 SE 265); *Turner v. Long,* 61 Ga. App. 785 (7 SE2d 595); *Carroll Electric Membership Corp. v. Simpson,* 106 Ga. App. 29 (126 SE2d 310); *Spruell v. Ga. Automatic Gas &c. Co.,* 84 Ga. App. 657 (67 SE2d 178).

Construing the above-stated allegations most strongly against the plaintiff, as must be done on general demurrer, they show that the plaintiff knew that the heater would not remain lit, but notified defendant merely of the rusty, yet safe and operable, condition of the various parts and the inconvenient location of the heater; that, if there was any leakage from the valve, the plaintiff *would have smelled it,* yet the explosion was caused by his attempting to light the heater when the pit was filled with gas *from the leaky valve* which he *did not smell,* which means that the plaintiff, with knowledge of the malfunction of the heater, either smelled the gas, as he alleged he would have, yet proceeded to light the heater anyway or, in the exercise of ordinary care, *should have* smelled the gas. Although the question of contributory negligence is normally one for the jury, the petition patently shows on its face that the plaintiff was guilty of such contributory negligence as bars his recovery, whether the petition be construed to allege that his attempt to light the heater was made with actual knowledge of the danger, acquired by his smelling the gas plus his three months' experience with the heater's defects, or with knowledge implied by the fact that a reasonably prudent man in the exercise of ordinary care would be put on notice of the danger of such circumstances.

There is no allegation in the petition as to the date of the notice alleged to have been given the landlord or the time elapsing from the date of the notice until the explosion. There is no allegation in the petition that the plaintiff ever gave notice of a condition which he considered dangerous so as to place upon the landlord the duty of *immediate* repair. In fact the allegations and absence of other allegations seem to indicate that

the plaintiff was more interested in the heater's being located in a more convenient place than that it should have been rendered more safe. When the landlord is alleged to have bought new parts and decided to install them when he later would move the heater to a more convenient place, it is not alleged that the plaintiff remonstrated with the landlord concerning the dangerous condition of the heater or that he made clear to the landlord that his interest was in safety and not convenience. Construing the petition against the plaintiff it alleged only that the heater was not operable when seeping water put out the pilot light and that there was no danger from the putting out of the pilot light. Nothing alleged shows notice to the landlord of any danger attendant upon the rusty condition of the thermostat valve. See: *Ball v. Walsh,* 137 Ga. 350 (73 SE 585); *Donehoe v. Crane,* 141 Ga. 224 (80 SE 712); *Clements v. Blanchard,* 141 Ga. 311 (80 SE 1004, LRA 1917A 993).

The court did not err in its judgment sustaining the general demurrer to the petition as amended.

*Judgment affirmed. Eberhardt, J., concurs. Hall, J., concurs in the judgment.*