### HARRIS *v.* CLEGHORN.

1. While the same state of facts may be applicable to both an action ex contractu and one ex delicto, the plaintiff can not have both remedies but must elect which one he will pursue. Therefore, in an action growing out of the alleged tortious eviction of the plaintiff in violation of a contract of rental, a recovery can not be had both for the actual loss occasioned by the violation of the contract and for wounded feelings caused by the commission of the tort.

2. On the trial of such an action it is error to charge the jury as follows : " If you find from the evidence in this case that the defendant broke the contract (as heretofore explained to you), you may consider humiliation and wounded feelings, if proven, in arriving at the amount of damages plaintiff would be entitled to recover growing out of the breach of said contract, provided the humiliation was directly connected with said breach. And in estimating the damage the only rule is the enlightened consciences of impartial jurors."

Submitted October 26,—Decided November 12, 1904.

Action for damages. Before Judge Russell. Jackson superior court. May 16, 1904.

The petition in this case alleged, in substance, that in September, 1902, the plaintiff leased from the defendant a house and lot for the term of one year, the tenancy to begin on October 1, 1902; that she paid the rent for the first month, and tendered payment for the second month, but that the tender was refused and she was notified by the defendant to vacate the premises.

This she refused to do, and proceedings were brought by dispossessory warrant to evict her. She alleged that she was unable to give bond in double the amount of the rent, as required by law, in order to retain possession of the premises, and the constable serving the warrant to dispossess was therefore "compelled to throw her household goods into the street," by reason of which she was greatly chagrined and humiliated. She had rented the house for the purpose of taking boarders, and had incurred expense in a named sum in order to furnish the house for that purpose; and by reason of the unlawful eviction she suffered the loss of the income that she would have derived from the boarders that she already had, as well as that which she would have received from other boarders whom she reasonably expected to secure. The petition concludes as follows: "Your petitioner sues for wounded feelings and the humiliation which she was compelled to undergo by reason of said illegal act, and the loss she has sustained by reason of the breach of said contract as above set forth." Subsequently the petition was amended by adding to one of the paragraphs thereof the following: "And that by virtue of the breach of this said contract on the part of the defendant, your petitioner's wearing apparel and household goods were thrown into the public streets, she thereby being humiliated and her feelings wounded, by reason of which, and for other reasons hereinafter set forth, she was damaged in the sum of five hundred dollars." The defendant demurred, on the ground that the petition joined claims arising ex contractu and those arising ex delicto in the same action. The demurrer was overruled. An answer was also filed, and the case went to a jury, who found for the plaintiff. The defendant moved for a new trial, which was denied, and he now excepts to the overruling of his demurrer, of his motion for a new trial, and of a motion for nonsuit made at the conclusion of the plaintiff's evidence.

*W. W. Stark*, for plaintiff in error.

CANDLER, J. The state of facts laid by the plaintiff in her declaration would have warranted a recovery either in tort or upon the contract alleged; but it is clear that she can not maintain both species of action in the same petition. This is but the application of an elementary principle, and requires no citation of au-

thority. Had she so desired, the plaintiff might, after filing her petition, have elected what remedy she would pursue, and by striking from the petition the allegations and prayers appropriate to the alternative remedy, have so amended the declaration as to make it withstand the demurrer filed. *Seymore* y. *Rice*, 94 *Ga.* 183. She not only failed to take this step, but, by the amendment which she did file, made more positive her determination to hold on to both remedies, that in tort and that upon the contract. The amendment merely made a bad matter worse. It is clear that the demurrer should have been sustained. As it is within the power of the plaintiff, after the remittitur from this court is filed in the court below, to so amend her petition that it will not be open to the objection pointed out in the foregoing, thus necessitating another trial of the case, attention will be called to other errors committed when the case was tried the first time, so that a repetition of them may be avoided. The court charged the jury as follows: "If you find from the evidence in this case that the defendant broke the contract (as heretofore explained to you), you may consider humiliation and wounded feelings, if proven, in arriving at the amount of damages plaintiff would be entitled to recover, growing out of the breach of said contract, provided the humiliation was directly connected with said breach. And in estimating this damage the only rule is the enlightened consciences of impartial jurors." In the light of what has been said with reference to the demurrer, it is only necessary to add that the charge set out is plainly erroneous. It was also error to charge the jury the provisions of the Civil Code, § 3132, relative to the duration of tenancy where no time is specified by the parties to the contract of rental; for the plaintiff in this case declared upon an express contract of rental for one year, and should not have the benefit of legal principles applicable to an entirely different state of facts from that laid in her petition.

*Judgment reversed. All the Justices concur.*