## 52735. CONSOLIDATED EQUITIES CORPORATION v. PHELPS.

SMITH, Judge.

Sarah Phelps brought suit against Consolidated Equities Corporation seeking to recover damages allegedly caused by the defendant's negligence. The jury returned a verdict for the plaintiff in the amount of $14,000. The defendant appeals the judgment entered in favor of the plaintiff.

This case was originally before this court on the grant of the defendant's motion for summary judgment by the trial court. This court overturned the grant of summary judgment. See *Phelps v. Consolidated Equities Corp.,* 133 Ga. App. 189 (210 SE2d 337). The evidence presented upon the trial of the case is not materially different from that considered by this court on the review of the grant of defendant's motion for summary judgment.

1. Appellant urges error in the trial court's failure to grant its motion for judgment notwithstanding the verdict and motion for new trial. Appellant contends that there was no evidence to show that it was negligent. " 'A landlord who retains a qualified possession of the premises and approaches for purposes of maintenance may be liable for failure to remove temporary accumulations of matter such as snow and ice resulting from natural causes, but his liability will be determined by applicable principles of negligence law as in other cases.' . . . 'A landlord is not an insurer of the safety of his tenants. Liability results only from his failure to exercise ordinary care to make repairs after notice to him of the defective condition coupled with a failure to repair within a reasonable time. [Cits.]' " *Phelps v. Consolidated Equities Corp.,* supra, p. 191. The jury was authorized to

find in accordance with applicable principles of negligence law that the defendant landlord was negligent in failing to remove the accumulations of ice after receiving notice of the defective condition coupled with a reasonable time within which to repair same.

Appellant further contends that the evidence demanded a finding for the defendant because the plaintiff assumed the risk by walking on the icy driveway with knowledge of the dangerous condition. This contention was decided adversely to the defendant when the case was previously appealed to this court. *Phelps v. Consolidated Equities Corp.*, supra, p. 192. The evidence considered on motion for summary judgment was substantially the same as that presented upon the trial of the case. The plaintiff's knowledge of the presence of ice and snow was a circumstance to be considered by the jury along with all others in determining if the plaintiff exercised due care for her own safety. Thus, the evidence presented a question of fact for the jury and did not demand a verdict for the defendant on the issue of plaintiff's assumption of the risk.

2. Appellant contends that the trial court committed reversible error in failing to charge on accident. The court gave the following charge: "The court charges you that negligence cannot usually be inferred from the mere happening of an event. The mere fact that an accident occurred resulting in injury to the plaintiff affords no basis for recovery against a defendant unless the plaintiff carries the burden of proof and shows that such accident was caused by specific acts of negligence on the part of the defendant." We find that the above charge on accident was sufficient; and appellant's enumeration of error is without merit.

3. Appellant contends that the court erred in failing to charge on assumption of the risk. We find that the following charge adequately instructed the jury regarding the principles embodied in the doctrine of assumption of the risk: "If the plaintiff by the exercise of ordinary care could have avoided the consequences to herself caused by the defendant's negligence, if any, the plaintiff is not entitled to recover. However, the plaintiff's duty to exercise ordinary care to avoid the consequences of

the defendant's negligence does not arise until the defendant's negligence exists and the plaintiff knew or in the exercise of ordinary care should have known of such negligence."

*Judgment affirmed. Marshall, J., concurs. McMurray, J., concurs in the judgment only.*

ARGUED SEPTEMBER 9, 1976 — DECIDED OCTOBER 28, 1976 — REHEARING DENIED NOVEMBER 17, 1976 —

*Neely, Freeman & Hawkins, William Q. Byrd,* for appellant.

*Webb, Parker, Young & Ferguson, Robert G. Young,* for appellee.