59536. ORKIN EXTERMINATING COMPANY, INC. v. THRIFT.

SHULMAN, Judge.

Plaintiff brought suit against defendant-Orkin Exterminating Company (Orkin) for damages arising from defendant's alleged failure to rid plaintiff's dwelling place of termites, as promised, and for defendant's alleged failure to properly repair the damage caused by the termites. On appeal, we reverse.

1. Appellant submits that the trial court erred in allowing plaintiff to give her opinion of the cost of repairing her house. We disagree.

Contrary to plaintiff's contentions, she was not qualified as an expert witness at trial, nor would it have been necessary for her to qualify as an expert in order for her to estimate the cost of repairing her house as long as she properly presented evidence of such repair costs. See, e.g., *NEDA Const. Co. v. Jenkins,* 137 Ga. App. 344, 350 (223 SE2d 732).

"Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property in question or similar property *and [she] must give reasons for the value assessed . . .*" (Emphasis supplied.) *Sisk v. Carney,* 121 Ga. App. 560, 563 (4) (174 SE2d 456). Since plaintiff did present such a foundation (though skeletal), the trial court did not err in allowing

her opinion testimony.

2. On the basis of *Harris v. Cleghorn,* 121 Ga. 314 (2) (48 SE 959), we must conclude that the trial court improperly charged that plaintiff could recover damages for humiliation and embarrassment upon a jury finding that Orkin breached its contract with plaintiff. Plaintiff is precluded from recovering in both tort and contract for damages arising out of the same alleged act (i.e., a breach of contract). Id.

3. Moreover, since plaintiff did not present any evidence of her litigation expenses, the trial court erred in charging the jury that plaintiff could recover such expenses upon their finding that defendant exhibited bad faith in its dealings with plaintiff. *Tendrift Realty Co. v. Hayes,* 140 Ga. App. 896 (232 SE2d 169); *Davis v. Fomon,* 144 Ga. App. 14 (240 SE2d 581). See generally *Altamaha Convalescent Center, Inc. v. Godwin,* 137 Ga. App. 394 (224 SE2d 76).

4. We also find that the trial court improperly allowed into evidence a certain brochure distributed by Orkin for the "limited purpose only, of letting you see that Orkin does what they undertake to do, in the treatment of termites, and information that they have therein, about termites, and how they hold themselves up to the public as experts in this field."

In view of the fact that such brochure was not used at the time defendant contracted with plaintiff, that plaintiff was neither given this brochure by the defendant nor did she rely upon it in entering into a contract with defendant, we fail to see its relevancy to the issues at trial.

Since the trial court itself acknowledged that the brochure was very graphic and that it presented a "horrible" depiction of a house infested by termites, which depiction could have prejudiced the jury against defendant, we cannot find that the admission of the irrelevant brochure was harmless error.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

ARGUED MARCH 3, 1980 — DECIDED
MAY 7, 1980.

*E. Kontz Bennett, Jr.,* for appellant.
*W. Vince Settle, III,* for appellee.