## 62960. GRAHAM v. WATTS et al.

Shulman, Presiding Judge.

Plaintiff was injured when Watts' car, in which she was a passenger, was struck by Yow's car. Watts had stopped at an intersection which he incorrectly believed to be one at which traffic from all four directions was required to stop. In fact, traffic approaching the intersection from Watts' direction was required to stop; traffic from Yow's direction was cautioned by a blinking yellow light to proceed with care. Although he saw Yow's car approaching from the right, Watts continued through the intersection. Yow's car struck Watts' car within the intersection. Plaintiff was severely injured and brought suit against Watts, Watts' father, Yow, and Yow's father. This appeal is from the judgment entered upon the jury's verdict for all defendants.

1. Plaintiff suggests that the evidence did not support the verdict. We disagree.

As to defendant Yow, the evidence clearly authorized a verdict in her favor. There was testimony that she approached the intersection at a lawful rate of speed, saw Watts' car stopped at a stop sign, and looked to the right for other traffic. When she looked back to the front, Watts' car was immediately in front of hers in the intersection. That evidence would permit the jury to find that Yow was in no way negligent.

Defendant Watts testified that he proceeded into the intersection when he did because he believed it was a four-way stop and that the car he saw coming from his right would stop. He also testified that plaintiff was a social guest in his car and that he derived no benefit from her presence other than merely having someone with whom to skate. That testimony is sufficient to permit the jury to conclude that plaintiff was a guest passenger in Watts' car and that he, therefore, owed her a duty of slight care. "The rule, of course, is that a guest is a person gratuitously riding for his own benefit, whereas an invitee, to whom the duty of exercising ordinary care, as distinguished from slight diligence only, is owed, is one 'whose presence in . . . the automobile is by invitation of the owner for the purpose of conferring some substantial benefit upon his host, that is, something more than merely affording him the pleasure of his company.' [Cit.]" *Taylor v. Austin,* 92 Ga. App. 104, 105 (88 SE2d 190). We are not prepared to rule that Watts' mistake constituted gross negligence as a matter of law. Under all the evidence in this case, the jury was authorized to return a verdict in favor of all defendants.

2. Two of plaintiff's enumerations of error concern the trial court's jury instruction on sudden emergency. She contends that the

charge as given was applicable to both defendants. Our review of the evidence convinces us that plaintiff's complaint is meritorious. The charge was so vague as to permit its application to both drivers. The evidence, however, would not authorize a charge on sudden emergency for Watts: there was no testimony that he apprehended a danger and reacted thereto. See *Johnston v. Woody,* 148 Ga. App. 152 (1) (250 SE2d 873). Since the evidence did not authorize the charge as to the Watts defendants, it was error to give it. *Orkin Exterminating Co. v. Thrift,* 154 Ga. App. 545 (3) (269 SE2d 53). Since the error gave defendant Watts the benefit of a defense to which he was not entitled, we cannot find the error harmless, at least as concerns Watts and his father. As to defendant Yow, however, we do not see any error contributing to the judgment. For that reason, the judgment in this case is to be reversed only insofar as defendants Leroy and Kenneth Watts are concerned.

*Judgment reversed in part and affirmed in part. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 17, 1982.

Joseph C. Parker, Lynn A. Downey, for appellant.
Samuel P. Pierce, Jr., Terrance Sullivan, George W. Hart, Lawrie E. Demorest, for appellees.