## 38626. HOWARD v. CENTRAL OF GEORGIA RAILROAD COMPANY.

PER CURIAM.

After plenary consideration of this matter, it is found not to satisfy the criteria for the grant of certiorari and the writ is therefore vacated.

*All the Justices concur, except Smith and Gregory, JJ., who dissent, and Jordan, C. J., who is disqualified.*

DECIDED JULY 8, 1982 —
REHEARING DENIED JULY 22, 1982.

*Billy E. Moore, J. Sherrod Taylor, Jack T. Brinkley, Jr., Frank J. Jordan,* for appellant.

*Ellsworth Hall, Jr., John B. Miller, Burt DeRieux,* for appellee.

*Kenneth M. Henson, Jr., Allen Post, Hugh M. Dorsey, Jr.,* amici curiae.

SMITH, Justice, dissenting.

Appellant Thurman Howard brought this action under the Federal Employers' Liability Act (FELA), 45 USCA § 51 *et seq.,* and the Safety Appliance Act, 45 USCA §§ 2, 5, and 8, to recover for back injuries he sustained in a railroad collision. The case was tried before

a jury, which returned a judgment of $565,602.23 in Howard's favor. On appeal, the Court of Appeals reversed. *Central of Ga. R. Co. v. Howard,* 161 Ga. App. 560 (288 SE2d 347) (1982). It held that the trial court should have granted the railroad's motion for a mistrial because of the introduction of "grossly prejudicial" and irrelevant evidence at trial, as well as "abominably inflammatory" remarks by Howard's counsel.[1]

We granted certiorari to consider "whether the dismissal of Howard by the railroad was relevant to the issues of disputed lost wages and/or future employability." Inasmuch as I believe that the evidence of Howard's dismissal was properly admitted, I respectfully dissent from the denial of appellant's motion for rehearing.

Howard, a locomotive engineer, was injured on July 1, 1978 when, because of a broken coupling, his engine collided with another train. As a result of the accident, Howard experienced lower back pain and was from time to time unable to work. In July of 1980, some two years after the accident, Howard was dismissed by the railroad following an incident in which he got off his engine and fired a .22 rifle at a tree on Union Camp property.[2] He did this while giving his back a rest during a work break. Howard admits that he fired the rifle, but he contends that the railroad used the disciplinary violation as a pretext for firing him. The company's real motive, he contends, was to reduce its liability for lost wages in his pending FELA action. Howard appealed the discharge through administrative channels, and in February of 1980, several days before the trial of this case, he was reinstated as an engineer without back pay.

It is important to remember that at the time of his dismissal, Howard was not able to work because of the injuries he suffered in 1978 while employed by the railroad. At trial, he contended that the sole reason for his dismissal was his previous injury and that the railroad "fired" him in order to escape payment of the approximately $11,000 in wages due him during the period from his firing until the

---

[1] Based on my review of the record in this case, I think the Court of Appeals erred when it reversed the trial court's denial of the railroad's motion for mistrial. The settled rule in Georgia is that the trial court has broad discretion when passing upon such a motion, and its ruling should not be disturbed absent a manifest abuse of discretion. *J. W. Starr &c. Co. v. York,* 89 Ga. App. 22 (3) (78 SE2d 429) (1953). I find no such abuse of discretion in this case. Therefore I would reverse the Court of Appeals.

[2] A letter dated July 30, 1980, and addressed to the appellant from his supervisor Cogdell, stated that Howard was ". . . . dismissed from the services of the Central of Georgia Railroad Company, effective immediately." It directed Howard to turn in all company property in his possession. At trial Cogdell testified that, at his level at least, Howard's dismissal was final.

trial. Thus Howard urges that the wrongfulness of his dismissal is not at issue here; rather, he argues, a jury question exists as to the effect of the discharge upon his right to recover damages for lost wages and future employability. Therefore the evidence introduced at trial was relevant to damages issues in the case. I agree, and would hold that evidence touching on these issues was properly admitted at trial.

The issues in this case are controlled by federal, not state, law. Questions of damages in FELA actions are federal in nature, even where the action is brought in state court. Norfolk & Western R. Co. v. Liepelt, 444 U. S. 490 (100 SC 755, 62 LE2d 689) (1980). Carriers are liable to their employees under the Act for expenses, loss of time, suffering, and diminished earning power. Michigan Central R. Co. v. Vreeland, 227 U. S. 59 (33 SC 192, 57 LE 417) (1913). In a Georgia case construing the FELA, the court in *Pollard v. Gammon,* 63 Ga. App. 852, 864 (12 SE2d 624) (1940), held that evidence concerning one's earning capacity after an injury is admissible.

Thus federal law dictates that Howard, when proving his damages at trial, had a right to introduce evidence bearing on the issues of loss of work time and diminished earning capacity after the accident. As to loss of time, there existed a genuine question of fact whether Howard was fired to avoid liability under the FELA for the $11,000 in wages he lost between the dismissal and trial, or whether the dismissal was genuinely motivated by disciplinary reasons so that no back pay was due him. This, it seems to me, is a jury question; and Howard's proffered evidence of past retaliatory discharges by the railroad was highly relevant to that question. As to diminished earning capacity, surely a jury could logically conclude that a dismissal would affect Howard's future employability. If the jury believed that Howard was dismissed by the railroad solely because of his injury, they were authorized to find that the railroad would probably dismiss him again on such basis and that Howard's capacity to work, as an element of his future wages, was greatly diminished. Therefore, the jury could find that Howard would not be able to find work paying as much in salary in the future as he was making before his injury and dismissal.

The evidence on this question was properly admitted. See Moore v. Chesapeake & Ohio R. Co., 493 FSupp. 1252 (D.C. W. Va. 1980).

An independent source of relevancy of Howard's evidence of the railroad's alleged misconduct is found in the FELA itself. 45 USCA § 55 prohibits "[a]ny contract, rule, regulation, or *device* whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter . . ."

(Emphasis supplied.) Evidence concerning the railroad's dismissal of Howard, together with evidence of alleged past firings of employees who asserted their rights under the FELA, was relevant to a possible violation of this statute. In my opinion, the jury in this case was entitled to have full evidence on the matter to determine whether the railroad used its dismissal powers as a "device" to avoid liability for lost wages in contravention of 45 USCA § 55. Howard's proof on this issue was not directed to any "wrongful discharge" as such, but to a plan, scheme, or "device" by the railroad to deprive him of lost wages.

Because it was relevant to the issue of lost wages, evidence establishing the fact that the railroad had and would dismiss anyone suing them was properly admitted. The Court of Appeals was wrong to hold otherwise. In Hendley v. Central of Ga. R. Co., 609 F2d 1146 (5th Cir. 1980) the Court recognized and dwelled at length on the intimidating effect of the railroad's power against a FELA witness. In the Hendley case, the railroad (the same railroad that is the Appellee here) suspended Hendley for aiding a fellow employee in a FELA claim. Certainly, it was in order for Howard to offer evidence of Hendley's suspension in this case in view of his contention that the railroad dismissed him, not for any rule violation, but simply because he was not working due to an injury sustained while working for the railroad. Howard had missed about half of his working days since the injury in 1978. Under Hendley, Howard had the right to show the actions of the railroad in the past to illustrate what their real intentions were in dismissing him.

The Hendley court stated that if employees can show that the object of a railroad's investigation is to discipline the employee for furnishing information in a FELA case, then injunctive relief by a federal district court is " 'appropriate if not compelled.' " Id. at 1152. If this is so, certainly it is proper to allow a plaintiff in a FELA action to produce evidence tending to prove uncalled-for discipline by an employer, then to allow a jury to pass upon the question.

This Court in criminal cases allows evidence of prior crimes committed by the defendant to show motive, intent, scheme, and bent of mind. I believe that the situation in the case of Howard is analogous.[3] He should be allowed to prove the actions of the railroad in a prior case to illustrate the company's motive, intent, scheme, or bent of mind in its dealings with employees. The Hendley court at

---

[3] 45 USCA § 60 makes it a crime for a common carrier to "prevent employees . . . from furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of any employee . . ." See Hendley v. Central of Ga. R. Co., 609 F2d 1146, 1150 (5th Cir. 1980).

page 1152 (10) says as much. Again, this matter of past and future loss of earnings is one that is commonly litigated under the FELA, as well, as in other damages cases. See *Dilliplane v. Henderson,* 141 Ga. App. 684 (234 SE2d 357) (1947); *City Council of Augusta v. Drawdy,* 75 Ga. App. 543 (43 SE2d 569) (1947); Missouri Pac. R. Co. v. Cunningham, 515 SW2d 678 (1974); Moore v. Chesapeake and Ohio R. Co. 493 FSupp. 1252 (D.C. W. Va. 1980).

The decision of the Court of Appeals appears to have overlooked these cases in its opinion in *Central of Ga. R. Co. v. Howard,* 161 Ga. App. 560 (288 SE2d 347) (1982). There was no mention in the opinion of the relevancy of lost wages and future employability.

Appellee railroad argues that even if the evidence of Howard's dismissal was relevant to the damages issues in the case, the evidence was erroneously admitted because Howard's exclusive remedy was to initiate an administrative review procedure under the Railway Labor Act, 45 USCA § 151 et seq. I cannot agree. In my opinion there is ample case authority for allowing Howard to introduce evidence of his dismissal in the present case.

In Alexander v. Gardner-Denver Co., 415 U. S. 36 (94 SC 1011, 39 LE2d 147) (1974), the Court held that an employee asserting a Title VII employment discrimination claim was not bound by a prior arbitration hearing which resulted in a finding adverse to the claimant. The Court stressed that where there exists a federal right independent of the right to an administrative appeal, the employee was entitled to proceed under the independent substantive law. I think that the rationale of Alexander extends to the present case.

Like the plaintiff in Alexander, Howard sought to have his claim for lost wages reviewed in his request for reinstatement under the arbitral provisions of the Railway Labor Act. Since the railway resisted Howard's claim for back wages in the arbitration proceedings, the burden was on Howard during trial of the present case to show that the $11,000 lost wages resulted from his back injury. Howard's claim for back pay is an element of his damages under the FELA, and is separate and distinct from any arbitration remedies he may have. In the Alexander case, the court held that "[t]he distinctly separate nature of these contractual [i.e., in this case, arising under the Railway Labor Act] and statutory [i.e., in this case, arising under the FELA] rights is not vitiated merely because both were violated as a result of the same factual occurrence." 415 U. S. at 50. Howard should be allowed to pursue each and every element of his lost wages claim in this proceeding, unencumbered by the prior administrative proceeding. Furthermore, as the Supreme Court held in Alexander, evidence of the arbitral decision should be "admitted . . . and

accorded such weight as the court [here, the jury] deems appropriate." 415 U. S. at 60.

As a practical matter, appellee's argument is that a railroad could use a disciplinary violation as a pretext for discharging an injured employee who could not work because of a FELA injury and that this discharge would effectively cut off all rights to future lost wages as well as the right to be compensated for inability to work and earn a living under the FELA. The appellee would require a discharged employee to appeal to the National Adjustment Board in all cases. However, appellee overlooks the fact that an appeal to an administrative board under the Railway Labor Act in a case such as this one would be futile, as no administrative board would have the power to order a person who could not work reinstated, much less order a railroad to pay back wages to someone who was not in fact able to work. In my opinion, such a position restricting the scope and coverage of the FELA violates the spirit of 45 USCA § 55, which prohibits any "contract, rule, regulation, or device" to defeat "any liability" under the FELA.

The United States Fifth Circuit Court of Appeals has implicitly rejected the railroad's argument in Brotherhood of R. Trainmen v. Central of Ga. R. Co., 305 F2d 605 (5th Cir. 1962); Yawn v. Southern R. Co., 591 F2d 312 (5th Cir. 1979) and Hendley v. Central of Ga. R. Co., 609 F2d 1146, supra, holding in each case that matters arising under Congressional Acts of the United States (including the FELA in Yawn and Hendley) must proceed under such Acts in courts of law and are not subject to administrative action under the Railway Labor Act. The petitioner's claim for lost wages following his injury on July 1, 1978, is a distinct element of damages under this FELA cause of action. In order to prove his lost wages and his loss of ability to work, it was necessary for Howard to place into evidence the circumstances surrounding his discharge and his status at the time of the discharge.

A final matter to be addressed is the portion of the Court of Appeals opinion concerning the argument of appellant's counsel. If, as I contend, Howard's dismissal was relevant to the issue of lost wages and future employability, then remarks of his counsel would be authorized by *Seaboard C. L. R. Co. v. Towns,* 156 Ga. App. 24 (274 SE2d 74) (1980). "'While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence; and the fact that the deductions may be illogical, unreasonable, or even absurd, is a matter for reply by adverse counsel, and not for rebuke by the court.'" *Miller v. Coleman,* 213 Ga. 125, 130 (97 SE2d 313) (1957). This matter is well settled in Georgia law. *Owens v. State,* 120 Ga. 209 (47 SE 545) (1904).

In this matter of argument by counsel, the court in *Western & A. R. Co. v. York,* 128 Ga. 687, 689 (58 SE 183) (1907) said: "We do not think the remarks of counsel were of such character as to require the court to declare a mistrial . . . [i]t is not impassioned oratory which the law condemns and discredits in the advocate, but it is the introduction of facts not disclosed by evidence, which requires the judge to use his power of declaring a mistrial." This Court has been most liberal when reviewing counsel's arguments to the jury. In a recent case, *Hines v. State,* 249 Ga. 257 (290 SE2d 911) (1982), this court affirmed the trial court's denial of a motion by Hines for a mistrial. The ground for the motion was that the District Attorney in his closing argument stated that the state's witness was "perhaps even putting his life in danger." There was *absolutely* not one iota of evidence that the state's witness' life was in danger; yet we allowed it to stand. In *Howard,* the evidence authorized the argument and the Court was present during argument. In my opinion, the trial court is the best judge as to what was prejudicial and was not. We should defer to its judgment absent a manifest abuse of discretion.[4] There was no such abuse of discretion in this case.

Furthermore, the trial court, in its instructions to the jury, repeatedly admonished that damages due Howard, if any, could be only those suffered "as a result of his injury." Thus it appears that the evidence of the dismissal was strictly limited to its relevance on the issues of lost wages and future employability.

In conclusion, it can be seen that the railroad's denial of lost wages may well have resulted from Howard's back injury, rather than from a disciplinary violation as the railroad contends. The evidence of the discharge therefore was highly relevant and probative on the issues of lost wages and future employability, and was properly admitted by the trial judge. The railroad's "dismissal" of Howard was, I believe, no more than a "device" to cut off compensation and was clearly in contravention of 45 USCA § 55, which prohibits the use of such a "device."

For all of the above reasons, the decision of the Court of Appeals should be reversed and the judgment of the trial court, which was based upon a jury verdict, should be reinstated.

---

[4] See note 1 supra.