## 66913. SHADOWOOD ASSOCIATES v. KIRK.

CARLEY, Judge.

Appellee resided in an apartment owned by appellant. Appellee's apartment was equipped with a sliding glass door which allegedly was defective and rendered the apartment insecure against intrusion. The apartment was burglarized, the unknown burglar(s) having gained entrance by removing the sliding glass door. Thereafter, appellee brought suit against appellant, alleging that its negligence in failing to render the door adequately secure proximately caused her loss.

At trial, the evidence showed that appellee requested that appellant rectify the defective condition of the door on several occasions prior to the burglary. Appellant responded to each of appellee's service requests, and after each adjustment to the door, appellant considered it to be "safe" and in proper working condition. However, appellee testified that appellant's adjustments to the door did nothing to render it more secure, and the testimony of other witnesses established that the door was defective and did not provide adequate security. The jury found in favor of appellee, awarding her $3,589.75 compensatory damages and $10,000 punitive damages. Appellant appeals.

1. Appellant enumerates as error the trial court's failure to give two of its requested charges. The first such charge was to the effect that the tenant could not recover, regardless of the landlord's duty to repair, if the tenant knew of the defective condition and understood the potential danger it entailed, yet continued to use the premises. The second requested charge concerned defective conditions existing at the time the premises were leased, and the landlord's complete lack of responsibility therefor if the tenant knew or had means of knowing of the defect. Appellant contends that the failure to give these requested charges removed the matter of the tenant's assumption of risk from the jury's consideration, and precluded the jury from finding that appellee's recovery was barred by her own actions after she knew of the defective condition of the door.

We find that the trial court's failure to give the requested charges

was not reversible error under the circumstances of the instant case. Appellant, upon receiving notice from appellee that the door was defective, went to appellee's apartment and worked on the door. Thereafter, appellant repeatedly assured appellee that the defect had been remedied, and that the door was safe. Thus, this was not a case of negligent *failure to undertake* repairs. Compare *Clements v. Blanchard*, 141 Ga. 311 (80 SE 1004) (1913); *Hearn v. Barden*, 115 Ga. App. 708 (155 SE2d 649) (1967); *Mullinax v. Cook*, 115 Ga. App. 201 (153 SE2d 924) (1967); *Bixby v. Sinclair Refining Company*, 74 Ga. App. 626 (40 SE2d 677) (1946); *Finley v. Williams*, 45 Ga. App. 863 (166 SE 265) (1932). But see *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204 (316 SE2d 770) (1984) (Carley, J., dissenting), wherein the landlord had promised to make requested repairs, but the tenant knew that the landlord in fact had never undertaken to do so. In the case at bar, appellant checked and adjusted appellee's door on numerous occasions. Appellee relied on appellant's representations that the door had been adequately repaired. Under these circumstances, charges such as those requested by appellant were not required. Upon examining the charge as given, we find that the jury was properly and adequately instructed as to appellee's duty of care for her own safety in accordance with the principles delineated in *Warner v. Arnold*, 133 Ga. App. 174 (210 SE2d 350) (1974). See also *Consolidated Equities Corp. v. Phelps*, 140 Ga. App. 454 (231 SE2d 390) (1976).

2. Appellant next asserts that the trial court erred in charging the jury that "[i]t is not important whether the burglary in this case happened one way or the other. The test is whether there was a reasonably foreseeable risk of burglary known to the landlord, and if there was, whether he took reasonable measure to guard against that risk." Appellant argues that this charge permitted the jury to return a verdict without a finding of proximate cause.

The charge in question was given in the course of extensive instructions on causation. Immediately prior to reciting the above-quoted language, the trial court instructed the jury on the meaning of proximate cause, the effect of intervening acts of a third party, and the concept of foreseeability in relation to a landlord's duty of care. Additionally, the court charged that "[t]he landlord does not become a guarantor or insurer of the safety of his tenant, but if he knows, or in the exercise of ordinary care ought to know, of a possibly dangerous situation and fails to take such steps as an ordinarily prudent person, in view of the existing circumstances, would have exercised to avoid injury to his tenant, he may be liable."

We find that the charge as a whole, which was based upon our opinion in *Warner v. Arnold*, supra, adequately instructed the jury that appellee could not recover absent a finding of a proximately

causal relationship between appellant's conduct and appellee's loss. See *Bradley Center, Inc. v. Wessner*, 161 Ga. App. 576 (3) (287 SE2d 716) (1982), aff'd 250 Ga. 199 (296 SE2d 693) (1982). Moreover, there is nothing in the record to indicate that such a finding was not authorized. "[T]he evidence does not plainly, palpably and indisputably show a lack of proximate cause. Absent such evidence, the issue of proximate cause, as well as that of negligence, is for the jury. [Cits.]" *DeKalb County Hosp. Auth. v. Theofanidis*, 157 Ga. App. 811, 812 (278 SE2d 712) (1981).

3. Appellant complains of the admission into evidence, over objection, of appellee's testimony concerning the value of her stolen property. Appellant asserts that appellee failed to lay an adequate foundation to support her opinions. Additionally, appellant alleges that the evidence presented was insufficient to establish the value.

"The owner of property is considered to be qualified to state his opinion as to value. [Cits.] 'Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property . . . or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion.' [Cit.]" *Maddox v. State*, 157 Ga. App. 696, 697 (278 SE2d 480) (1981). See also *Orkin Exterminating Co. v. Thrift*, 154 Ga. App. 545 (269 SE2d 53) (1980).

In the instant case, appellee enumerated the items which had been stolen, describing the age and the condition of each. She explained that in arriving at her opinion as to the value of the items, she determined the actual purchase price that had been paid for them, and she consulted local merchants, catalogs, and newspapers to ascertain the current market value of the items immediately after the burglary. For certain unique items, such as particular pieces of jewelry, appellee priced similar or comparable items in arriving at her estimates.

" 'It is true that testimony as to the cost price of an item standing alone is insufficient data upon which to base an opinion as to the value of the thing. (Cit.) But it is also true that the cost price, if coupled with other evidence, may be admitted as an element upon which an opinion may be formed as to the item's value. (Cit.)' [Cit.] Appellee's testimony was that [she] checked with the donors of several items which were gifts to ascertain their cost, that [she] checked catalogs to determine the cost of other items, and that [she] then considered the age of each item and attempted to reach a fair value based on cost and age. We agree with the trial court that appellee's testimony sufficiently demonstrated that [she] had had an opportunity to form a correct opinion as to the value of the items lost. [Cit.]" *Burson v. Copeland*, 160 Ga. App. 481, 483 (287 SE2d 386) (1981).

4. Appellant further asserts that the trial court erred in allowing appellee to testify as to physical problems and mental anguish suffered by appellee. Appellant maintains that such evidence was irrelevant because appellee made no claim for personal injury, and the issue of punitive damages was submitted to the jury solely on the theory that such damages could be awarded to deter the wrongdoer, rather than on the theory that such damages could be awarded to compensate for appellee's wounded feelings.

Under OCGA § 51-12-5, if a tort involves "aggravating circumstances, in either the act or the intention," a jury may award additional damages "to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." "Under this section, damages are allowable either to deter the wrongdoer or to compensate for wounded feelings, but not both. [Cit.]" *Westview Cemetery v. Blanchard*, 234 Ga. 540, 544 (216 SE2d 776) (1975).

In the instant case, appellee did not seek compensatory damages for mental anguish or punitive damages for wounded feelings. Her subjective distress was not in issue. Evidence of her personal and mental pain and suffering was not germane to the question of whether there were "aggravating circumstances, in either the act or the intention" of appellant. Accordingly, such evidence should have been excluded. See *McConnell v. Barrett*, 154 Ga. App. 767 (270 SE2d 13) (1980). Moreover, since the evidence was prejudicial to appellant, and we cannot say that its improper admission did not affect the jury's verdict, the case must be reversed. *Central of Ga. R. Co. v. Howard*, 161 Ga. App. 560 (288 SE2d 347) (1982), cert. dismissed, 249 Ga. 713 (293 SE2d 346) (1982), cert. denied, ___ U. S. ___ (103 SC 490, 74 LE2d 633) (1982).

5. We need not reach appellant's remaining enumerations of error in light of our ruling in Division 4 herein.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 3, 1984.

*J. Wayne Pierce*, for appellant.
*James B. Gurley, Michael L. Wetzel*, for appellee.